# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11130
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AHMAD DARNELL DENSON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-23-1

## ON PETITION FOR REHEARING

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Ahmad Darnell Denson pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, he challenged, *inter alia*, the sufficiency of the factual basis offered in support of his guilty plea. Because Denson did not preserve in district court this or the other issues

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

raised on appeal, our review was only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). By opinion dated 19 June 2019, the judgment was affirmed. *United States v. Denson*, ___ F. App'x ____, 2019 WL 2537672 (5th Cir. 19 June 2019).

Following the Supreme Court's opinion two days later in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Denson filed a petition for rehearing. In *Rehaif*, the Court held: in a prosecution under § 922(g), "the Government must prove both that the defendant knew he possessed a firearm *and that he knew he belonged to the relevant category of persons barred from possessing a firearm*". *Id.* at 2200 (emphasis added). In his petition for rehearing, Denson asserts: *Rehaif* makes clear the district court erred by accepting the factual basis without proof he knew he was a felon; and the error is plain (clear or obvious) for purposes of the plain-error review applicable to this appeal. We instructed the Government to respond to Denson's petition; it did so on 2 August.

Under the plain-error standard of review, Denson must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Denson conceded on appeal the issue at hand was foreclosed by our court's precedent. *See United States v. Dancy*, 861 F.2d 77, 81–82 (5th Cir. 1988) (holding § 922(g)(1) conviction requires proof defendant knew he possessed a firearm, but does not require proof he knew that it had an interstate nexus or that he was a felon). But, in the light of *Rehaif*, Denson contends the district court's acceptance of the factual basis offered in support of his guilty plea without proof he knew he was a felon was plain error.

As Denson conceded in his petition for rehearing, however, our court may "scan the entire record for facts supporting his conviction". *United States v. Ortiz*, 927 F.3d 868, 872–73 (5th Cir. 2019) (quoting *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010)). The presentence investigation report (PSR), which was adopted by the district court, states Denson "admitted he knowingly possessed the . . . firearm and had previously been convicted of felony offenses", and references a felony drug offense in September 2013: possession of marihuana in an amount greater than four ounces but less than five pounds. *See* Texas Health & Safety Code § 481.121(a), (b)(3).

The PSR also notes Denson admitted the facts in the factual resume, which he signed, are true. In the factual resume, he stipulated, *inter alia*: prior to the instant offense, he had been convicted of a "felony offense": the above-described offense referenced in the PSR.

And in his motion for downward variance, which was denied at the sentencing hearing, he admitted he was "a prohibited person because he has a single felony conviction".

Therefore, Denson has not shown any error because the record shows there were facts supporting his guilty plea, including his knowing he was a felon. Accordingly, we need not consider the other elements of our plain-error standard of review.

For the foregoing reasons, the petition for rehearing is DENIED.